## Commonwealth v. Williams

*Mark D. Brooks, assistant district attorney,* for the Commonwealth.

*Paul R. Gentleman,* for defendant.

SOLOMON, *J.,* November 15, 1991—Seeing an individual on the street, and knowing that there was an outstanding warrant for his arrest, a Uniontown police officer pulled behind the defendant's automobile, which was parked next to the suspect. The

officer then arrested the individual and placed him in the police vehicle. Noticing that the defendant was seated in the automobile, and knowing the defendant, the officer approached the defendant to tell him what had just occurred.

In the front seat with the defendant was the defendant's brother. Another officer, who had just arrived on the scene, approached the vehicle from the passenger side. As the other officer neared the vehicle, he yelled "gun." At that instant, the first officer saw a weapon protruding from underneath a jacket which was on the seat between the defendant and his brother. He also noticed the defendant's hand underneath the jacket.

Fearing for his safety, the officer ordered the defendant to get out of the vehicle. He took the defendant to the rear of the vehicle and patted him down to make sure he had no other weapons, discovering and removing a small amount of marijuana from the right front pocket of the defendant's shorts. The officer then went back to the vehicle to recover the weapon. Lifting the jacket on the front seat, the officer could feel something in the pocket of the jacket. Seeing the officer with the jacket, the defendant asked the officer to hand it to him.

Not knowing what was in the pocket, the officer looked into the pocket and found a small leather pouch, which he removed. He then opened the pouch because he "wanted to see what was in it, make sure there was nothing that anyone could be injured with in there." Instead of a weapon, he found drug paraphernalia and what turned out to be cocaine and marijuana.

Sometime shortly thereafter, the defendant was placed under arrest, and he now seeks to have this

court suppress the marijuana found in his pocket, and the narcotics and paraphernalia found in the pouch. We address first the marijuana found in his shorts.

Where an officer observes unusual conduct leading him to reasonably conclude that criminal activity might be afoot and that the person with whom he was dealing might be armed and presently dangerous, he is entitled, for his protection, to conduct a carefully limited search of the outer clothing of the individual in an attempt to discover weapons. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed 2d 889, (1968). Such a search must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer, or others nearby, and cannot be a general exploratory search for whatever evidence of criminal activity might be found. *Terry v. Ohio, supra.* This is not to say that only weapons found during the pat down can be used as evidence; any other evidence found may be used, provided the officer reasonably believed, from his pat down that the object could have been a weapon.

Here, the officer had just placed a suspect under arrest, and observed the defendant with a weapon on his automobile seat. Under the circumstances then and there existing, the officer could reasonably conclude, in the light of his experience, that criminal activity may have been afoot, and that the defendant may have been armed and presently dangerous. Thus, he was justified in making a *Terry* "stop and frisk." However, such a search is a serious intrusion, and is not justified by any need to prevent the disappearance or destruction of evidence of crime. *Terry v. Ohio, supra.* The sole justification of such a search is the protection of the officer and others

nearby, and it must be confined in scope to an intrusion *reasonably designed to discover weapons* that could be used to assault the officer. *Terry v. Ohio, supra.* (emphasis added)

At the suppression hearing, the officer testified that he patted down the defendant and removed marijuana from his pocket. He offered no testimony that, from the pat down, he believed what turned out to be marijuana was a weapon. He only testified that he removed the narcotic from the defendant's pocket during the frisk. Such intrusion is not justified, even if there is good faith on the part of the officer. This search, which was reasonable at its inception, did, nonetheless, violate the Fourth Amendment by virtue of its intolerable scope.

We next turn to the search of the jacket and the pouch. The defendant, having asked for the jacket, we believe that the officer was justified in determining what was in the jacket pocket, not only for his protection, but for the protection of others at the scene. In addressing this issue, we keep in mind that we are not faced with a search incident to a lawful arrest.

The Fourth Amendment protects people, not places, and more particularly, it protects people from unreasonable governmental intrusions into their legitimate expectations of privacy. *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed 2d 538 (1977). Such expectations are not limited to those interests found inside the four walls of a home and, no less than one who locks the doors of his home against intruders, one who safeguards his personal possessions by placing them within a container is due the protection of the Fourth Amendment warrant clause. *United States v. Chadwick, supra.*

Instantly, the officer had gained exclusive control of the pouch. There was no danger that the defendant could obtain the pouch, could open the pouch, and could remove something from the pouch with which to assault the officer. There was nothing to prevent the officer from placing the pouch in the police vehicle, and then obtaining a warrant to search.

The search of the pouch cannot be justified as having been incident to the defendant's arrest, since he had not yet been placed under arrest (and it is not obvious that the pouch could legally have been searched had the defendant been placed under arrest) or on the basis of any other exigency, since the officer had gained exclusive control of the pouch. See *United States v. Chadwick, supra.* Since the defendant was entitled to the protection of the warrant clause of the Fourth Amendment before his privacy interests in the contents of the pouch could be invaded, the search of the pouch violated the Fourth Amendment.

Wherefore, based on the foregoing, we will enter the following order.

## ORDER

And now, November 15, 1991, it is ordered that the motion of the defendant to suppress evidence be and the same is, hereby granted.

It is further ordered that the evidence found in the defendant's pocket, and the evidence found in the pouch, be, and the same are, hereby suppressed.